## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Scott Hanton, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of a criminal complaint charging Edvin Geovany Sintuj-Garcia ("defendant"), also known as Edwin Geovany Sintuj-Garcia, with reentry of a removed alien in violation of 8 U.S.C. § 1326.

2.  I am a Border Patrol Agent-Program Manager with the Border Patrol, United States Customs and Border Protection, within the United States Department of Homeland Security, and have been an agent with Border Patrol since November 2010. I am currently assigned to the Houlton Sector Law Enforcement Operations Division, Houlton Sector Headquarters, in Hodgdon, Maine.

3.  I completed the Border Patrol Academy in February 2011, where I received instruction in constitutional law, immigration law, criminal law, and federal and civil statutes. I have also received instruction in the detection, interdiction, and arrest of narcotics smugglers, alien smugglers, and aliens illegally present in the United States. In the course of my employment with Border Patrol, I have been assigned to the Highway 90 and Highway 80 immigration checkpoints in Arizona, where I was the primary agent for multiple narcotic and human smuggling cases. From March 2020 to August 2022, I was assigned as a Case Agent for the Tucson Sector Prosecution Unit. I have conducted numerous investigations involving illicit activity and have gathered evidence and facts pertaining to administrative and criminal cases, to include immigration offenses, drug offenses, firearms offenses, and assaults on agents. In the course of my duties, I have taken sworn statements from material witnesses and suspects. I routinely perform

record checks through various law enforcement databases to establish accuracy of information as well as to gather facts further relevant to a respective case. I have acted as a liaison between the United States Attorney's Office and field agents, and I have assisted fellow agents in the development of their cases. I am currently detailed as a Houlton Sector Prosecutions Case Manager.

4. The information in this affidavit is based upon my review of records and information furnished to me in my official capacity—including, for example, records and information from Border Patrol Agent-Resident Agents ("BPA-RA") Derek Wilcox, Border Patrol Agent ("BPA") Erik Chutko, and Androscoggin County Sheriff's Office Deputy Darryn Bailey—as well as information gained through my training and experience. This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested arrest warrant and complaint.

## PROBABLE CAUSE

5. BPA-RA Wilcox performed a records check on the defendant and I have reviewed records demonstrating the following:

   a. The defendant is a native and citizen of Guatemala. Both of the defendant's parents are citizens of Guatemala.

   b. A search of various systems to which the Border Patrol has access showed no claim, or potential claim, to United States citizenship.

   c. The Border Patrol encountered the defendant within the United States on about May 6, 2019, in the Rio Grande Valley, Texas Border Patrol Sector.

d. On about May 9, 2019, a Border Patrol Agent determined the defendant—then identified as Edwin Geovany Sintuj-Garcia[1]—was inadmissible to the United States under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and was subject to removal in that he was not a citizen or national of the United States, was a native and citizen of Guatemala, and was an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA. A Supervisory Detention and Deportation Officer with the Department of Homeland Security issued an Order of Removal under Section 235(b)(1) of the INA, finding the defendant inadmissible and ordering him removed from the United States. The Order was personally served on the defendant on June 18, 2019.

e. On about May 9, 2019, a Border Patrol Agent issued a *Notice to Alien Ordered Removed/Departure Verification*. The Notice informed the defendant—then identified as Edwin Geovany Sintuj-Garcia—in part:

   i. "You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States [f]or a

---

[1] At that time, the defendant's date of birth was listed in Border Patrol records as a date two days off from the date of birth listed on the defendant's Guatemalan Consular ID Card in his possession on February 3, 2026.

       period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act."

   ii. "After your removal has been effected, you must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or U.S. Department of Homeland Security office."

   iii. "WARNING FOR ALL REMOVED ALIENS: It is a crime under Title 8 United States Code, Section 1326, for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent. Depending on the circumstances of the removal, conviction for this crime can result in imprisonment of a period of from 2 to 20 years and/or a fine up to $250,000."

  f. On about July 19, 2019, the defendant was removed from the United States to Guatemala through Houston, Texas.

6.    One or more agents conducted a review of the systems to which the Border Patrol has access that track applications for immigration benefits and actions taken regarding such applications. No pending applications or petitions filed by the defendant or on his behalf seeking consent of the Secretary of the United States Department of

Homeland Security ("DHS") to reapply for admission to the United States were located, nor was any record located of the Secretary of DHS granting express consent for the defendant to reapply.

7. I have reviewed reports from BPA-RA Wilcox and Androscoggin County Sheriff's Office Deputy Darryn Bailey regarding a February 3, 2026 encounter with the defendant. Based my review of those reports and other materials, I am aware of the following.

   a. On February 3, 2026, at approximately 9:18 p.m., Deputy Bailey was parked in a lot in or near Mechanic Falls, Maine and observed a van with no plate lights pull out of a lot across the street. Deputy Bailey followed the vehicle and conducted a traffic stop in or near Poland, Maine. Deputy Bailey obtained a driver's license from the driver of the van.

   b. There were two passengers in the vehicle. One man had no identification with him (but verbally identified himself) and the other man had a Guatemalan identification card. The individual with the Guatemalan identification card was identified as the defendant (listed in Deputy Bailey's report as Edvin Garcia).

   c. Deputy Bailey contacted BPA-RA Wilcox regarding the three men in the van. Deputy Bailey informed BPA-RA Wilcox that one of the men produced a Guatemalan identification card and another could not provide any identification.

   d. BPA-RA Wilcox conducted a records check via mobile query using the identifying information provided by Deputy Bailey. BPA-RA learned that none of the men had a record of legal entry into the United States, nor had

    they been issued immigration documents allowing them to legally enter the United States.

  e. BPA-RA Wilcox traveled to the scene of the vehicle stop in Poland, Maine, where the three men were still in the vehicle. BPA-RA Wilcox identified himself in Spanish as a Border Patrol Agent and asked then men to state their country of citizenship. Upon inquiry, in summary and in part, the defendant admitted to being a citizen of Guatemala who is in the United States illegally.

  f. The defendant was taken into custody for immigration purposes. The defendant was subsequently transported to Two Bridges Regional Jail.

8. On February 4, 2026, the defendant was transported to Border Patrol's Calais Station (located in Baileyville, Maine). There, the defendant's identity was confirmed by submitting his fingerprints through the DHS Automated Biometric Identification System ("IDENT") and the Integrated Automated Fingerprint Identification System/Next Generation Identification ("IAFIS/NGI").

9. BPA Chutko advised the defendant of his rights in the Spanish language. The defendant acknowledged that he understood his rights. Thereafter, the defendant agreed to make a statement without a lawyer present. In the Spanish language, the defendant acknowledged, in summary and in part:

  a. His true and correct name is Edvin Geovany Sintuj-Garcia. He has never used any other name.

  b. His full date of birth.

  c. His place of birth was Guatemala.

  d. He is a citizen of Guatemala.

  e. He has previously been ordered deported, excluded, or removed from the United States on one occasion. He was removed by the Border Patrol.

  f. He has never applied to the Secretary of the Department of Homeland Security of the United States for permission to re-enter the United States after he was deported, excluded, or removed from the United States.

10. After making his statements, the defendant signed the I-215B (*Record of Sworn Statement in Affidavit Form*) in English, affirming that the answers attributed to him in that document are true and correct to the best of his knowledge and belief and that the statement is a full, true, and correct record of his questioning by an officer of the Immigration and Naturalization Service.

## CONCLUSION

11. Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that Edvin Geovany Sintuj-Garcia, also known as Edwin Geovany Sintuj-Garcia, is an alien and was found within the United States of America after having been previously removed therefrom on July 19, 2019, and not having obtained the express consent of the Secretary of DHS to reapply for admission to the United States in violation of 8 U.S.C. § 1326(a).

I, Scott Hanton, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information, and belief, and that I make this oath under the pains and penalties of perjury.

Dated at Portland, Maine this tenth day of February 2026.

_____
Scott Hanton, Border Patrol Agent
U.S. Customs and Border Protection
U.S. Department of Homeland Security

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Feb 10 2026

City and state: Portland, Maine

_____
Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title